**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Conrad Kenneth Phillips, Appellant.

Appellate Case No. 2024-000454

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-376
Submitted July 1, 2026 – Filed July 22, 2026

———————

**AFFIRMED**

———————

Bruce A. Byrholdt, of Byrholdt Drawdy, LLC, of Anderson, for Appellant.

General Counsel Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Conrad Kenneth Phillips appeals his probation revocation. On appeal, Phillips argues the circuit court abused its discretion by revoking his probation because there was no evidence that he knew the minor victim (Victim)

was employed at the restaurant when he entered and remained on the premises. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion by revoking Phillips's probation because the record contained sufficient evidence establishing a probation violation.  The plea court issued a permanent restraining order regarding Victim and imposed special conditions prohibiting Phillips from having contact with Victim, entering Victim's place of employment, and entering into establishments whose primary business was the sale of alcohol.  At the revocation hearing, the probation agent testified, and Phillips confirmed, that he went to Victim's workplace and sat at the bar with a friend for approximately fifty minutes. Although Phillips asserted at the revocation hearing that he did not recognize Victim, the State was not required to prove willfulness because Phillips's violation did not involve failure to pay fines or restitution.  Thus, we hold the circuit court did not abuse its discretion by revoking Phillips's probation.  *See State v. Proctor*, 345 S.C. 299, 301, 546 S.E.2d 673, 674 (Ct. App. 2001) ("The determination to revoke probation is within the discretion of the circuit [court]."); *id.* at 301, 546 S.E.2d at 674 ("A reviewing court will only reverse this determination when it is based on an error of law or a lack of supporting evidence renders it arbitrary or capricious."); *State v. Hamilton*, 333 S.C. 642, 648-49, 511 S.E.2d 94, 97 (Ct. App. 1999) (requiring an "evidentiary showing of fact tending to establish a violation of the conditions" and a determination that there is "sufficient evidence" before probation may be revoked); *id.* at 649, 511 S.E.2d at 97 ("It is only when probation is revoked *solely* for failure to pay fines or restitution that a finding of willfulness is mandatory.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.